IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action |
| v. : | No. 16-CR-323 |
| : | |
| BARBARA GONZALEZ, : | |
| Defendant : | |

### SENTENCING MEMORANDUM OF BARBARA GONZALEZ

### I.   INTRODUCTION

Defendant, 32 year old Barbara Gonzalez, was, on or about December 28, 2016, charged in an indictment with one (1) count of conspiracy to defraud the United States with respect to claims, in violation of 18 U.S.C. §286 and twenty (20) counts of false claims against the United States, in violation of 18 U.S.C. §287 and aiding in abetting. On December 28, 2016, Gonzalez pled guilty to Counts 1 and 2 of the Indictment pursuant to a plea agreement with the Government.

### II.   PLEA AGREEMENT

Gonzalez agreed to plead guilty to Counts I and II of the indictment, agreed not to contest forfeiture, agreed to waive most of her rights to appeal and to collaterally attack her conviction and sentence, agreed to pay a fine as directed by the Court and to pay a $200.00 special assessment. In addition, the parties stipulated to the following terms:

    1.    That $635,594.00 was the intended fraud loss of the criminal activity jointly undertaken by the defendant and co-conspirators; this amount was within the scope of the defendant's agreement; was reasonably foreseeable to the defendant in connection with the conspiracy; and

>   the defendant's Guideline range should be calculated based on this amount pursuant to U.S.S.G. § 1B1.3.
>
> 2. That Gonzalez has demonstrated acceptance of responsibility for her offense, making her eligible for a 2-level downward adjustment under USSG § 3E1.1 (a).
>
> 3. That Gonzalez assisted authorities in the investigation or prosecution of her own misconduct by timely notifying the government of her intent to plead guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

## III. **STANDARD**

As a result of the United States Supreme Court decisions in the consolidated cases of U.S. vs. Booker and U.S. vs. Fanfan, 125 S.Ct. 738 (2005), district courts are now charged with imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a), after considering: (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant and to provide the Defendant with needed training, care or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and advisory sentencing guideline range; (5) any pertinent policy statements

issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparity among Defendants with similar records that have been found guilty of similar conduct; and (7) the need to provide restitution.  Each of these factors is reviewed below:

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Born on December 16, 1984, in Havana, Cuba, Gonzalez and her family struggled under the brutal regime of the Castro brothers while growing up. Her father, a former government worker under the deposed Batista regime prior to the revolution, was incarcerated as a political prisoner after the Castros took control of the country. As a result of her father's former position, the family was led into an existence of privation, probably more so than the average Cuban citizen. Food was scarce and her family struggled just to survive in a small, two-room, concrete structure which they called a home. The regime required students to attend a live-in boarding school during the week and only allowed the children to go home on the weekends. It was in this government-run school that Gonzalez was abused by a teacher when she was 15 years old. The emotional scars from this experience remain with her to this day. She suffers from depression and anxiety and struggles with weight issues to the extent that she has become pre-diabetic. To alleviate the symptoms caused by her obesity she underwent laparoscopic sleeve gastrectomy and gastric bypass surgery on the advice of her physician. Other issues she's had to deal with include fatigue, insomnia, and generalized anxiety disorder.

It is not a stretch to say that Gonzalez's childhood experiences played a role in her involvement in the crimes for which she is being sentenced. Coming from the island dictatorship of Cuba to the proverbial land of "milk and honey" of the United States could not alleviate the inner emotional turmoil of her early years. Still young and immature, Gonzalez was seduced by the opportunities for material gain. Yet more than monetary greed was a driving force in this participation as it also provided a way for her to attempt to shore up her shattered self-esteem left in ruins by the *communistas*. Similar to her excessive eating habits, which were a way to soothe the demons of her past; the attempt to gain excessive wealth, goods, valuables ("*bling*") was all too tempting for this young, depressed and anxious girl who grew up in abject, crushing poverty. As she acknowledged in the presentence interview, her boss rewarded her conduct with cash bonuses, purses, jewelry, vacations, and spa trips. PSR at p. 9, paragraph 37. Like many abuse survivors, she attempted to retake control of her life through excess, whether it was with food or money.

As noted in the presentence investigation report, Gonzalez accepted responsibility for her actions. Most importantly, she acknowledged that she was "not thinking of the people she was hurting and acting selfishly." PSR at p. 8, paragraph 37. She not only defrauded the government and the American taxpayer, she also caused her family to suffer. As a result of the investigation of this offense, the father of her children was deported and her children suffer public humiliation and shame and are taunted at school.

Despite the hardships she has had to endure and the setbacks she inflicted upon herself and her family, much of Barbara's life in the United States can be said to be a

success story of an immigrant starting from the ground up. She became a naturalized citizen in 2006, obtained a GED, a nursing aid license and a medical billing diploma. She speaks and writes fluently in English and Spanish. She has a valid driver's license with no violations and is registered to vote. She does not use drugs or alcohol. Most importantly, she is raising three children. She has worked or attended school most of the time she has been in this country.

As noted in the presentence investigation report, Barbara is the sole caretaker for her three children ranging from ages 1 to 12. The children's' father was deported and she lost her business as a result of this offense. Her incarceration would impose an unbearable hardship, substantially exceeding the "harm ordinarily incident to incarceration for a similarly situated defendant." USSG §5H1.6 application note 1 (B)(ii). Nor are there "effective or ameliorative programs reasonably available which would make her caretaking function irreplaceable to the defendant's family." USSG §5H1.6 application note 1 (B)(iii). Her only recourse is to have her parents care for her children. They do not speak English well, are elderly and suffer from physical and mental limitations.

Attached are letters from family members and friends attesting to her character and her responsibilities to her family. The letters are attached collectively as exhibit "A" hereto.

Based upon the foregoing set of unusual circumstances, it is respectfully recommended that these factors warrant a sentence substantially outside the applicable guideline range. A sentence of incarceration would be detrimental to the defendant's family, who are vulnerable and depend upon her. A sentence allowing Ms. Gonzalez to

remain in the community will best serve the needs of the community and will further her rehabilitative needs and will avoid the prospect of her family becoming government wards.

### B. THE NEED FOR THE SENTENCE IMPOSED AND KINDS OF SENTENCES AVAILABLE

Count I is a Class C Felony. Pursuant to statute, the defendant is eligible for not less than one more than five years probation. 18 U.S.C. § 3561 (c) (1).

Count II is a Class D Felony. Pursuant to statute, the defendant is eligible for not less than one nor more than five years probation. 18 U.S.C. § 3561 (c)(1). However, under the Guidelines, she would be ineligible for probation for this offense. USSG §5B1.1, comment 2.

### C. ADVISORY GUIDELINE SENTENCING RANGE

The advisory sentencing guideline range, based upon the recommendation of the probation officer, is 24-30 months. This recommendation takes into account a base offense level of 20 (USSG §2T4.1 (H)), and a 3 point downward adjustment for acceptance of responsibility (USSG §3E1.1 (a) and (b)), resulting in a total offense level of 17. The criminal history category is one (1) as defendant has no prior involvement with the criminal justice system.

### D. THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES

Jessenia Cordero plead guilty to two counts of conspiracy to defraud the United States with respect to claims on March 6, 2017. On June 16, 2017, she was sentenced to a term of imprisonment of 42 months (with a recommendation that she be incarcerated in a federal facility as close as possible to her family in Allentown, Pennsylvania), supervised release of 36 months and ordered to pay restitution in the

amount of $3,960,070.50. Docket number 16-382. The sentence appears to be proportionate to the crimes admitted, Cordero's role in the offense and her responsibility as to the amount of restitution which constitutes the lion's share of the fraudulent activity.

Both Juana Maisonet and Maria Paulino entered pleas to one count of conspiracy to defraud the United States with respect to claims and one count of false claims against the United States on October 9, 2015. Sentencing in their cases is scheduled to take place of November 20, 2017. Docket number 15-177.

### E. RESTITUTION

Restitution is this case is $319,610.39. The Court may waive interest if the defendant is unable to pay interest, limit the total interest to a specific dollar amount, or limit the time of interest accrual. 18 U.S.C. §§ 3612 (f) and 3664(m). Restitution shall be ordered unless the Court determines that the complication and prolongation of the sentencing process resulting from fashioning such an order outweighs the need to provide restitution to any victim through the criminal process. U.S.S.G. §5E1.1.

### V. CONCLUSION

Gonzalez requests that this Honorable Court to sentence her below the recommended guideline range for the reasons stated herein.

Respectfully submitted,

WORTH, MAGEE & FISHER, P.C.


/s/ Brian J. Collins, Esquire
Brian J. Collins, Esquire
2610 Walbert Ave.

Allentown, PA  18104
610-437-4896
Attorney for Defendant, Barbara Gonzalez
Attorney I.D. No.:  46764

**EXHIBIT "A"**

Honorable Judge Edward G. Smith

Re: Barbara Gonzalez

My name is Yolersy Gonzalez. I am Barbara Gonzalez brother; I am a father of four boys and a husband of over 10 years. I have been a truck driver for over 11 years. I am well aware of my sister pleaded guilty to federal criminal charges and will face sentencing soon.

We grew up in Cuba; we were raised in a poor but humble home. Our loving parents teach us values and honesty. Our family has never been involved in any criminal activity in Cuba or United States, that's why it took us by surprise Barbara involvement in this federal criminal case.

Barbara is an excellent daughter, sister and mother. She has dedicated full time to care for our ill father and bipolar mother. That's why I beg you your Honor for Leniency in the name of our family. My sister Barbara has 3 children, and they need their mother since their father was deported to Dominican Republic, and the children have suffered enough even gone through professional behavioral assistance to help them cope with the loss of their father.

Please take into consideration all of this when making your decision in her case.

Sincerely,

Yolersy Gonzalez

*[signature]*

Honorable Edward G. Smith
United States District Court Judge


Re: Barbara Gonzalez


My name is Paola Contreras; I am writing this letter on behalf of my friend Barbara Gonzalez. I've known Barbara for over 10 years. I understand Barbara has pleaded guilty to federal criminal charges and is now facing sentencing.

I truly believe that Barbara has already suffered extensively for her actions. She is a single mother raising 3 young children by herself; Luis 12, Katherine 11 and Mia whom just turned 1.

Barbara' aging parents also depend on her, and it is my belief that a prison sentence will cause significant harm to the health of her aging parents who due to their illness are not able to take care of their 3 young grandchildren fulltime.

Because of the significant difficulties that will be faced by her family, I plead with you Your Honor for leniency for my friend, her parents and children; who are very affected.


Thank you for your consideration.


Sincerely,



Paola Contreras
*Paola Contreras*

To the Honorable Judge Edward G. Smith

Re: Barbara Gonzalez

My name is Damaris Quintero and Barbara Gonzalez has been my one and only friend in Allentown for 8 years. I moved to Pennsylvania with my three children at the time, and she was there through my pregnancy with my fourth. Since then, her family has become a vital part of my family.

Barbara is a great mom and daughter. She is the backbone of her family. Her parents are elderly, she sets up and takes them to appointments and makes sure they are taken care of. Barbara is very worry about the well-being of her 3 children and what they might go through without her in the case of incarceration because she is the only guardian of her children.

Despite her errors, I trust her and will continue to trust her because she is true to her word and has always been honest. I am writing this as an attestation to her character as a person and expressing how beneficial she has been in my life in times of need as well as countless others.

I ask you to please take this into consideration as you proceed with your decision.

Thank you for your time

*Damaris Quintero*

## CERTIFICATE OF SERVICE

I, Brian J. Collins, Esquire, hereby certify that on this date I served a true and correct copy of Defendant's Sentencing Memorandum was filed electronically and served upon the following individuals:

**David J. Ignall, Esquire**
**United States Department of Justice**
**615 Chestnut Street**
**Suite 1250**
**Philadelphia, PA  19106**

DATE: 8-4-17          /s/ Brian J. Collins
                      Brian J. Collins, Esquire
                      Attorney for Defendant, Barbara Gonzalez
                      2610 Walbert Ave.
                      Allentown, PA  18104
                      610-437-4896
                      I.D. No.: 46764